Filed 3/6/25  P. v. Connor CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B339273 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA209131-1) |
| v. | |
| EDDIE BOYD CONNOR, | |
| Defendant and Appellant. | |

THE COURT:

Following a jury trial Eddie Connor was convicted of first degree murder of Donald Randall (Pen. Code, § 187, subd. (a))[1] with the use of a firearm (former § 12022.5, subd. (a)(1)) and the discharge of a firearm proximately causing death (former § 12022.53, subd. (d)), of arson of property (§ 451, subd. (d)), and of torture (§ 206) with the use of a firearm (former § 12022.5, subd. (a)(1)).  The jury found true a torture-murder special circumstance.  (§ 190.2, subd. (a)(18).)  The trial court sentenced Connor to life in prison without parole, enhanced by a term of

---

[1]    All statutory citations are to the Penal Code.

25 years to life for the discharge of a firearm proximately causing death, plus a term of eight months for arson.[2]  This court affirmed Connor's conviction and prison sentence.[3]  Thereafter, Connor filed at least six habeas corpus petitions, each of which was denied.

On January 2, 2024, Connor filed a petition for resentencing under section 1172.6, alleging his conviction was based on insufficient theories of robbery and torture-murder. On February 16, 2024, the trial court appointed counsel to represent Connor.  After defense counsel appeared and the prosecution filed written opposition to Connor's petition, the court denied the petition on the ground Connor had been tried and convicted "as the sole and actual perpetrator who shot and killed the victim," and was therefore ineligible for relief under section 1172.6.  Connor filed a timely notice of appeal.

Connor's appellate counsel filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no appealable issues.  Thereafter, Connor timely filed a supplemental brief addressing, *inter alia*, the sufficiency of evidence that he tortured Randall and whether a confession introduced in evidence at trial was voluntary, and requesting "a new trial free of inadmissible evidence and [u]nauthorized inflammatory theories by the state prosecutor."  We need not address these issues.  The record shows they were previously raised and decided against Connor on direct appeal and in at least one of his unsuccessful habeas corpus petitions.

---

[2]    The jury acquitted Connor of robbery (§ 211).

[3]    *People v. Eddie Boyd Connor* (Jan. 14, 2004, B157674) [nonpub. opn.].  As this opinion recites in detail the facts and procedural history of Connor's criminal trial, we need not restate them here.

Section 1172.6 does not "permit wholesale relitigation of findings supporting murder convictions." (*People v. Strong* (2022) 13 Cal.5th 698, 715 (*Strong*); accord *People v. Coley* (2022) 77 Cal.App.5th 539, 549 ["a section [1172.6] petition is not a means by which a defendant can relitigate issues already decided"].) We confine our review, then, to whether Connor's petition alleged a prima facie case for resentencing.

Section 1172.6 sets out a procedure whereby "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" may file a petition to have the "conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1172.6, subd. (a).) "[T]he process begins with the filing of a petition declaring that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189' made by Senate Bill 1437. [Citation.] The trial court then reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. [Citation.] 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' [Citations.]" (*People v. Wilson* (2023) 14 Cal.5th 839, 869.) On the other hand, where a petition alleges a prima facie case for relief, the trial court must issue an order to show cause (§ 1172.6, subd. (c)) and thereafter hold a hearing to determine whether the petitioner is entitled to relief.

The court may appropriately deny a petition at the prima facie stage if the record of conviction[4] conclusively establishes the petitioner is ineligible for relief as a matter of law.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971; *Strong, supra,* 13 Cal.5th at p. 708.)  If Connor was the actual killer of Randall, as the trial court found, he is ineligible for resentencing under section 1172.6.  (*Strong*, at p. 710 [Section 1172.6 "relief is unavailable if the defendant was . . . the actual killer"]; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1201 ["As the sole and actual killer . . . defendant is ineligible for resentencing under section 1172.6 as a matter of law"].)  We independently review a trial court's order denying a petition under section 1172.6 on the ground the petitioner failed to make a prima facie case for relief.  (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238-1239; *People v. Burns* (2023) 95 Cal.App.5th 862, 866.)

Our independent review of the record of conviction confirms that the trial court correctly denied Connor's petition because he was convicted of murder as Randall's actual killer.  Looking first at closing argument, the prosecutor argued to the jury that "the evidence is very clear that Eddie Connor was the killer in this case" because "we don't have anybody else.  We have only the defendant here. So – and the only evidence is that the defendant did these actions."  Consistent with the prosecution's theory that Connor acted alone, the jury was not instructed on holding Connor responsible for murder based on actions by an accomplice.  Where the jury is not instructed on a theory of implied or imputed malice, the trial court can properly conclude the defendant was convicted as the actual killer and is ineligible for

---

[4]     The record of conviction includes the charging document, jury instructions, closing arguments and verdict forms.  (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.)

4

resentencing under section 1172.6 as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review granted Feb. 24, 2021, S266336, review dism. Dec. 1, 2021; *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Connor's ineligibility for resentencing as the actual killer is further established by the jury's findings that he "personally used a firearm," "personally and intentionally discharged a firearm," and "personally and intentionally discharged a firearm . . . which proximately caused great bodily injury and death" to Randall. These jury findings, too, establish that Connor is the "actual killer" and thus ineligible for resentencing under section 1172.6. A relevant jury finding is generally preclusive in section 1172.6 proceedings, i.e., it "ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude[s] the defendant from making a prima facie case for relief." (*Strong, supra*, 13 Cal.5th at p. 710; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410, review dism. Oct. 27, 2021 [defendant ineligible for resentencing where jury found defendant "personally and intentionally used a firearm to commit the crime [and] [t]hus, the jury implicitly found [defendant] was the 'actual killer' "].)

Because the record of conviction – here, the prosecutor's closing argument, the jury instructions and the jury's special findings – "irrefutably establishes as a matter of law that the jury determined [Connor] was the actual killer" (*People v. Harden* (2022) 81 Cal.App.5th 45, 56), Connor was ineligible for resentencing under section 1172.6 as a matter of law.  The order denying Connor's petition for resentencing is affirmed.

LUI, P. J.          ASHMANN-GERST, J.          RICHARDSON, J.

5